### LEE ET AL. VS. STATE USE OF ARKANSAS CO.

To recover the penalties affixed by the statute to defaults by collectors, it is necessary to aver in the declaration, as breaches of the condition of the bond, a failure to comply with the requisites of the statute, in default of which such penalties attach.

The statute regulating suits upon penal bonds (*Gould's Dig. ch. 27,*) does not expressly, nor by necessary implication, repeal the common law remedy by action of covenant, which is concurrent with debt upon such instruments.

### Appeal from Arkansas Circuit Court.

Hon. JOHN C. MURRAY Circuit Judge.

STILLWELL & WOODRUFF, GARLAND & RANDOLPH for the appellants.

**232**       CASES IN THE SUPREME COURT

Lee et al. vs. State use of Arkansas Co.          [OCTOBER

The plaintiff below by adopting covenant as the form of action could not avoid the necessity of assigning specific breaches. *Sec.* 5, *ch.* 127 *Gould's Dig.*; 1 *Ark.* 367; 2 *Ib.* 389; 5 *Term Rep.* 583, 638; 2 *Wils.* 377. And the omission to assign breaches is fatal on demurrer. 4 *Wend.* 570; 2 *Ark.* 389. The declaration must show every essential compliance with the statute. 3 *Ark.* 159; 6 *Ib.* 604; 14 *Ib.* 171; 1 *Eng. Law & Eq.* 765.

HEMPSTEAD, for appellee.

The declaration was sufficiently specific. It avers that Cross made a settlement with the county court, and that the balance due was determined against him. It does not matter whether he had actually collected it or not—by the settlement he admits his liability to pay over the amount found due. *Lawson vs. Pulaski Co.* 3 *Ark.* 8; 14 *Ark.* 172.

Covenant and debt are concurrent remedies for the recovery of a money demand when there is an express or implied contract in an instrument under seal to pay it. 1 *Ch.* 134, 135.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

This was an action of covenant brought in the name of the State, for the use of Arkansas county, against Bushrod W. Lee, Alfred O. Douglass, Robert H. Douglass and James L. Goree, as sureties in the official bond of Pleasant P. Cross, deceased, as collector of said county.

The bond, as set out in the declaration, bears date 31st of October, 1855, conditioned as follows:

" The condition of the above obligation is such, that the above bounden Pleasant P. Cross, sheriff and ex-officio assessor and collector of the revenue of the county of Arkansas, in the State of Arkansas, for the year 1855, shall well and truly do and perform all and singular the duties of such collector as aforesaid, and pay over to the proper officers according to law, all moneys collected by him, or by virtue of his said office as ex-officio collector as aforesaid"—with the further condition that he was to

be subject to distress for failure to pay over the State revenue, etc., prescribed by *section* 54, *ch.* 148, *Gould's Dig. p.* 939.

The breaches assigned in the declaration are as follows :

" And plaintiff avers that said Pleasant P. Cross, sheriff and ex-officio collector of the revenue of the county of Arkansas, failed to keep and perform the conditions of his said writing obligatory, but broke the same in this, to-wit :   That at the April term, A. D. 1857, of the county court of Arkansas county, the said Pleasant P. Cross, collector of revenue as aforesaid, settled with said county court, in respect to revenue collected or which should have been collected by him, for the years eighteen hundred and fifty-four and fifty-five, in which said settlement the said Pleasant P. Cross, sheriff and collector as aforesaid, was found to be in arrears and indebted to the county of Arkansas, in the sum of three thousand and eighty-nine dollars and seventy-seven cents, a portion of the revenue for the year eighteen hundred and fifty-five, and plaintiff avers that said Pleasant P. Cross, in his life time, and said defendants, since the death of the said Cross have neglected and refused to pay over the said sum of three thousand and eighty-nine dollars, and seventy-seven cents, found to be due on settlement as aforesaid, but the same still remains due and unpaid, by reason of which said failure to pay the said sum of three thousand and eighty-nine dollars and seventy-seven cents as aforesaid, the plaintiff avers that said defendants became indebted to said county of Arkansas, as a penalty for said failure, in the further sum of twenty-five per centum on the amount found due as aforesaid, and also in the further sum of fifty per centum per annum on the said sum of three thousand and eighty-nine dollars and seventy-seven cents, from the date of said settlement until the same shall be paid, and which penalty and per centum as aforesaid, the said Pleasant P. Cross in his life time, and the said defendants have wholly neglected and refused to pay, and the same is now wholly due and unpaid; and so the plaintiff in fact saith that the said defendants have not kept the said covenant, so by them made as aforesaid, but have broken the same,

234      CASES IN THE SUPREME COURT

Lee et al. vs. State use of Arkansas Co.      [October]

and to keep the same with the said plaintiff, have hitherto wholly neglected and refused, and still doth neglect and refuse to the damage of the said plaintiff eight thousand dollars," etc.

The defendants demurred to the declaration, the court overruled the demurrer, and they rested. A jury was sworn, who found the breaches assigned in the declaration to be true, and assessed the plaintiff's damages at $6,175, with interest on $3089,-77 thereof, from the date of the verdict until paid, at the rate of fifty per cent. per annum, and judgment was rendered for the damages and penalties so assessed; and the defendants appealed.

The action appears to have been founded on the following sections of *chap.* 147, *Gould's Dig. p.* 922 :

Sec. 37. All collectors, sheriffs, clerks, constables, and other persons chargeable with moneys belonging to any county, *shall render their accounts to, and settle with the county court* at each regular term thereof, and pay into the county treasury any balance which may be due the county, and take duplicate receipts therefor, and deposit one of them in the office of the clerk of the county court, within five days thereafter.

Sec. 38. If any person thus chargeable *shall neglect to render true accounts, or settle as aforesaid,* the court shall adjust the account of such *delinquent* according to the best information that can be obtained, and ascertain the balance due the county.

Sec. 39. In such case the court may refuse to allow any commission to such *delinquent*; and he shall moreover without delay, pay into the county treasury the balance *found due as aforesaid.*

Sec. 40. If *such delinquent* shall not pay the amount *thus found due* the county, and produce the treasurer's receipt therefor within ten days after *such balance is ascertained,* the clerk shall charge such *delinquent* as a penalty for such failure, twenty-five per cent. on the amount then due.

Sec. 41. Unless such delinquent shall appear, on the first day of the next succeeding term of the county court, and show good cause for *setting aside* such settlement, the court shall enter

OF THE STATE OF ARKANSAS. 235

Term, 1860]          Lee et al. vs. State use of Arkansas Co.

up judgment for the amount due, with the penalty added thereto, and fifty per centum per annum thereon, until the same shall be paid, and may issue execution thereon.

Ses. 42. If good cause be shown for *setting aside such settlement*, the court may *re-examine*, *settle* and adjust the same, according to law, and *may remit any penalty that may have been imposed*.

It is clear, we think, that the penalties prescribed by sections 40 and 41, are to be visited upon the collector who neglects to render his accounts, and settle with the county court, as required by section 37.  *Lawson sheriff vs. Pulaski Co.* 3 *Ark.* 9; *Trice vs. Crittenden Co.* 2 *Eng. R.* 159; *Carnall vs. Crawford Co.* 6 *Eng.* 623.

It is not alleged in the declaration that Cross failed to render his accounts and make settlement as required by the statute, and that as a consequence of such failure, the penalties prescribed by the statute were imposed upon him by the county court. On the contrary, it is averred that at the April term, 1857, he settled with the county court in respect to the revenue collected, or which should have been collected by him for the years 1854 and 1855, and in such settlement he was found in arrear and indebted to the county, in the sum of $3089,77, a portion of the revenue for the year 1855, which he and his securities had failed to pay over, etc.

. The 8th section of the same chapter imposes a penalty upon any collector, who, having made his settlement with the county court in respect to the county revenue, fails to pay over the amount due from him upon such settlement, but the declaration in this case does not claim the penalty imposed by that section.  See *Jones et al. vs. State use Pope Co.* 14 *Ark.* 172.

The declaration having laid no foundation for the recovery of the penalties prescribed by sections 40 and 41 of the statute, it was erroneous to claim them in the breach, and the verdict and judgment for them were also erroneous.

The objection to the declaration, made in the demurrer, that the action should have been debt and not covenant upon the

bond, is not well taken. It is true that the statute regulating the practice in suits upon penal bonds (*Gould's Dig. Ch.* 27,) seems to contemplate the action of debt upon such bonds, but it does not expressly, nor by necessary implication, repeal the common law remedy by the action of covenant, which is concurrent with debt upon such instruments.

The judgment must be reversed, and the cause remanded, with instructions to the court below to permit the plaintiff to amend her declaration, etc.